## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TAJSHMA PETERSON,**

                                                **Case Number:**

    **Plaintiff,**

**v.**

**PINELLAS COUNTY SHERIFF'S**
**POLICE ATHLETIC LEAGUE, INC.,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff by and through her undersigned counsel, hereby files this two-count complaint against Defendant alleging that Defendant discriminated and retaliated against her in violation of the Americans with Disabilities Act. In further support of Plaintiff's claims, Plaintiff makes the following allegations:

## Parties

1. Plaintiff is a qualified female with a disability who was hired by Defendant as a Child Care Director on January 21, 2020.

2. Defendant is a non-profit organization located in Pinellas County, Florida.

3. Plaintiff has been diagnosed with an emotional disability (major depressive disorder).

1

4.      Depression affects Plaintiff's major life activities including, but not limited to, sleeping and breathing. Plaintiff experiences regular chest pains as a result of her disability which occasionally necessitates hospitalization.

5.      Depression also affects Plaintiff's mood and during episodes or attacks Plaintiff has significant difficulty in caring for herself, focusing, and communicating.

6.      Despite Plaintiff's disability, she is a qualified individual who is able to perform the essential duties of a Child Care Director.

## Jurisdiction

7.      This is an original action for damages in excess of $213,002.89.

8.      Defendant is incorporated in Florida and headquartered in Pinellas County, Florida.

9.      Plaintiff worked for Defendant as a Child Care Director in Pinellas County, Florida.

10.     Plaintiff is a qualified female with a disability who lives in Citrus County, Florida.

11.     Defendant is an "employer" as defined by the ADA.

12.     All material events took place in Pinellas County.

13.     Defendant employs more than 30 employees.

14.     This complaint arises out of the ADA, as amended.

15.     Therefore, jurisdiction in this Court is proper.

## Factual Allegations

16.     Plaintiff was hired by Defendant on or about January 21, 2020.

17.     Plaintiff remained employed by Defendant as a Child Care Director until she was wrongfully terminated on or about June 11, 2020.

18.     Plaintiff was diagnosed with Major Depressive Disorder prior to her employment with Defendant.

19.     Plaintiff's disability impacted several of Plaintiff's major life activities, such as breathing.

20.     Breathing is a major life activity and an integral part of a healthy and/or normal life.

21.     Plaintiff's depression causes Plaintiff to have feelings of hopelessness and causes Plaintiff to have difficulty caring for herself and communicating.

22.     Plaintiff's depression is so severe that Plaintiff is required to take prescription medication to overcome the effects of her depression.

23.     Despite Plaintiff's disability, Plaintiff is a qualified individual with a disability and is able to perform the essential functions of her job as a Child Care Director.

24.     During the time of Plaintiff's employment with Defendant, Plaintiff was able to oversee and manage Defendant's afterschool and summer camp programs – which were the essential functions of her job Plaintiff was able to perform those duties with a reasonable accommodation.

25.     On or about May 26, 2020, Plaintiff experienced significant chest pain and was hospitalized for several days. Plaintiff provided Defendant with a doctor's note informing Defendant that Plaintiff had been hospitalized due to a chest pain and that Plaintiff had suffered from chronic medical issues.

26.     On June 5, 2020, Plaintiff emailed Defendant and informed Defendant that she needed to take short term disability due to her disability.

27.     On June 8, 2020, Plaintiff again emailed Defendant to follow up on her request for short term disability leave.

28.     On June 8, 2020, Defendant's short term disability insurance provider, Unum, confirmed receipt of Plaintiff's short term disability claim.

29.     On June 8, 2020, after Plaintiff informed Defendant of her need for short term disability benefits, Defendant "updated" Plaintiff's performance evaluation to include several negative factors. Notably, these factors were not included in Plaintiff's original performance evaluation completed prior to Plaintiff's request for short term disability leave.

30.     On June 11, 2020, Defendant terminated Plaintiff's employment with extreme prejudice and without notice or cause.

31.     Plaintiff's request for short term disability leave was a request for a reasonable accommodation under the ADA.

32.     Plaintiff's request for leave under the ADA was reasonable as Plaintiff was requesting approximately two months of leave to attend therapy and to stabilize her psychological status.

33.     Plaintiff's request for leave under the ADA was a protected activity as it was made in good faith.

34.     Prior to Plaintiff's wife informing Defendant on or about June 5, 2020, about Plaintiff's need for medical leave, Defendant was unaware of Plaintiff's disability because Plaintiff had never informed Defendant of the same.

35.     Immediately after Defendant became aware of Plaintiff's disability, Defendant amended Plaintiff's performance evaluation to include negative conduct and to justify Defendant's decision to terminate Plaintiff's employment.

36.     In   fact,   Defendant   terminated   Plaintiff's   employment approximately one week after Plaintiff informed Defendant of her need to take leave because of her disability.

37.     Defendant terminated Plaintiff's employment with extreme prejudice and hostility based on Plaintiff's disability and the inappropriate and illegal assumptions Defendant made about Plaintiff's ability to perform her duties as a Child Care Director.

38.     Defendant retaliated against Plaintiff for requesting a reasonable accommodation under the ADA – medical leave to treat her disability.

39.     Defendant assumed that because Plaintiff has an emotional disability, she is unfit to work as a Child Care Director.

40.     As a direct result of Defendant's wrongful termination of Plaintiff's employment, Plaintiff has suffered mental, emotional, and financial damages.

41.     On or about September 3, 2020, Plaintiff filed a charge of discrimination with the EEOC alleging disability discrimination.

42.     On or about May 20, 2022, the EEOC issued Plaintiff a Notice of Rights. The Notice of Rights was mailed to Plaintiff by the EEOC and received by Plaintiff several days after its issuance.

43.     Less than 90 days passed between Plaintiff receiving her Notice of Rights from the EEOC and filing this Complaint.

44.     Thus, all pre-requisites have been completed, this matter is timely and ripe for action, and Plaintiff demands a jury trial on all issue so triable.

## COUNT I
## DISABILITY DISCRIMINATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

45.     Plaintiff reasserts and re-alleges all allegations contained in Paragraphs 1-44 and reincorporates those allegations, herein.

46.     Plaintiff is a qualified female with a disability.

47.     Indeed, Plaintiff has been diagnosed with, and suffers from, Major Depressive Disorder.

48.     Despite her disability, Plaintiff is a qualified individual.

49.     During the entirety of Plaintiff's employment Plaintiff was a qualified individual with a disability who was able to perform the essential duties of her role as a Child Care Director.

50.     During Plaintiff's employment, Defendant became aware of Plaintiff's disability.

51.     Defendant then made illegal and impermissible assumptions about Plaintiff's inability to perform the essential functions of her job based on nothing more than Defendant's own bias and prejudice of persons with disabilities.

52.     Defendant discriminated against Plaintiff by "updating" Plaintiff's performance evaluation to reflect negative performance and then terminating her employment because of her disability.

53.     Defendant's discriminatory treatment of Plaintiff based on Plaintiff's disability caused Plaintiff to suffer mental, emotional, and financial damages.

## COUNT II
## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

54.     Plaintiff reasserts and re-alleges all allegations contained in Paragraphs 1-44 and reincorporates those allegations, herein.

55.     Plaintiff is a qualified individual with a disability.

56.     Plaintiff is a member of a protected class due to her disability.

57.     Plaintiff engaged in a protected activity when she made a good faith request for accommodation.

58.     Plaintiff's request for accommodation was a protected activity as it was made in good faith.

59.      Plaintiff suffered an adverse action when Defendant terminated Plaintiff's employment approximately one week after Plaintiff requested an accommodation.

60.    But for Plaintiff requesting an accommodation, she would not have been terminated.

61.    Plaintiff has been damaged as a direct result of Defendant's retaliation.

**DATED: August 19, 2022.**

<u>/S/ Kyle J. Lee</u>
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Facsimile: (813) 343-2813
Kyle@KyleLeeLaw.com
*Attorney for Plaintiff*